UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAHAD SIDDIQUI,

                Plaintiff,

                              06-CV-6225

            v.                **DECISION**
                                    **and ORDER**

UNITED FINANCIAL MORTGAGE CORPORATION,
and JAMES BUICK,

                Defendants.

---

## **INTRODUCTION**

Plaintiff Fahad Siddiqui, ("plaintiff"), a former employee of defendant United Financial Mortgage Corporation, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 ("Title VII" or "federal claim") and the New York State Human Rights Law ("NYHRL" or "state claim") claiming that the defendants discriminated against him, and improperly terminated his employment because of his race, color, and national origin. Plaintiff also claims that his employment was terminated in retaliation for complaining about discrimination.

Defendant James Buick ("Buick" or "defendant"), plaintiff's former manager, denies plaintiff's allegations, and moves to dismiss plaintiff's complaint, claiming that he cannot be held personally or individually liable under Title VII, and that the court should decline to exercise supplemental jurisdiction over the remaining state law claim against him.

For the reasons set forth below, I grant in-part and deny in-part defendant's motion to dismiss.

**BACKGROUND**

Plaintiff Fahad Siddiqui, formerly a loan officer at the Rochester branch office of United Financial Mortgage Corporation ("UFMC"), is of Bahrain descent. According to the complaint, while employed at UFMC, plaintiff witnessed and was subjected to discriminatory remarks and/or practices based on his race, color and national origin. Plaintiff alleges that on numerous occasions, his direct supervisor, James Buick, made lewd and derogatory comments about non-Caucasian individuals in his presence and in the presence of others.

Plaintiff was offended by defendant Buick's comments and in his annual self performance evaluation, he noted many of his concerns regarding his employment with UFMC. Plaintiff submitted the evaluation to Buick's supervisor Michael Lee. Upon not receiving a response, plaintiff contacted Lee regarding his concerns and was told by Lee that he "did not have time to speak with people like [plaintiff]."

Plaintiff again noted his concerns about Buick's conduct in a February 2005 performance evaluation. Plaintiff claims that once Buick learned of the complaints, Buick began to retaliate against the plaintiff. Plaintiff claims that shortly after he made his complaints of discrimination, he was terminated from his employment with UFMC, because of his race, color and national origin, and in

retaliation for complaining about the allegedly discriminatory environment in which he worked.

## DISCUSSION

### I. Legal Standards for Evaluating a Motion to Dismiss

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993). The court may grant a Rule 12(b)(6) motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Allen v. WestPoint-Pepperell, Inc., 945 F. 2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, a plaintiff is not required to present evidence in support of its complaint in order to survive dismissal. See Weisman v. LeLandais, 532 F.3d 308, 310-311 (2d Cir. 1976).

### II. This court has supplemental jurisdiction over the plaintiff's state law claim.

Buick argues that he cannot be held liable under Title VII of the Civil Rights Act because Title VII does not provide for individual liability. Defendant further argues that because

plaintiff has failed to state a valid federal claim against him, the court should decline to exercise jurisdiction over plaintiff's state law claim.

It is well settled that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII". Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995).  Accordingly I grant defendant's motion to dismiss plaintiff's federal claim.  Plaintiff's federal claim against defendant UFMC, however, may continue.

Unlike Title VII of the Civil Rights Act, Section 296(6) of the New York State Human Rights Law provides that individuals may be held liable for acts of employment discrimination. Tomka, 66 F.3d at 1313. ("Individual defendants may be sued in their personal capacities" under the New York Human Rights Law.)

Buick urges the court to decline jurisdiction over plaintiff's Human Rights Law claim because plaintiff has failed to state a federal claim against him.  I find however, that exercise of supplemental jurisdiction is appropriate in this case, and therefore, I deny defendant's motion to dismiss plaintiff's state law claim.

Pursuant to 28 U.S.C. § 1367(a), with few exceptions not relevant here, in any civil action over which the court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Pursuant to 28 U.S.C. §1367(c) a court may decline to exercise supplemental jurisdiction over a state claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In the instant case, none of the conditions for declining jurisdiction under § 1367(c) have been met. Plaintiff's allegations do not raise novel or complex issues of state law, and his claims do not substantially predominate over the remaining federal claim against UFMC. Furthermore, this court has not dismissed all claims over which it has original jurisdiction: Plaintiff's federal claims against UFMC (which arise out of the same facts that form the basis of plaintiff's state law claim against Buick), have not been dismissed and therefore, the court continues to have original jurisdiction over the federal claim.

Finally, I find that pursuant to United Mine Workers v. Gibbs, 383 U.S. 715, 725, (1966) exercise of supplemental jurisdiction in this case is appropriate. In Gibbs, the court held that a district court may exercise supplemental jurisdiction over a state law claim when the state and federal claims "derive from a common nucleus of

operative fact" so that the parties "would ordinarily be expected to try them all in one judicial proceedings."  In this case, because plaintiff's state claim arises out of the same allegedly discriminatory conduct that forms the basis of plaintiff's federal claim, the two causes of action derive from a "common nucleus of operative fact."  Furthermore, considerations of "judicial economy, convenience and fairness to litigants" favor hearing the state law and federal law claims together.  See Gibbs, 383 U.S. at 725.

## **CONCLUSION**

For the reasons set forth above, I grant defendant Buick's motion to dismiss plaintiff's federal action against him, and deny defendant's motion to dismiss plaintiff's state law cause of action.

ALL OF THE ABOVE IS SO ORDERED.

                                              s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                              United States District Judge

Dated:    Rochester, New York
             July 10, 2008